# Exhibit 1

THE JIMMERSON LAW FIRM, P.C.
JAMES M. JIMMERSON, ESQ.
Nevada State Bar No. 12599
jmj@jimmersonlawfirm.com
415 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
Telephone:   702-388-7171
Facsimile:   702-367-1167

KATTEN MUCHIN ROSENMAN LLP
Jeffrey A. Wakolbinger (*pro hac vice* to be submitted)
jeff.wakolbinger@katten.com
525 W. Monroe St.
Chicago, IL 60661
Telephone:   312.902-5200

*Attorneys for Plaintiff*
*Jump Operations, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUMP OPERATIONS, LLC, | Case No.:   2:22-cv-00575-GMN-DJA |
| Plaintiff, | |
| v. | **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON PRELIMINARY INJUNCTION** |
| RICHARD WRIGHT MERRYMAN, | |
| Defendant. | |

UPON CONSIDERATION of the motion filed by Plaintiff Jump Operations, LLC ("Plaintiff") for a Temporary Restraining Order Without Notice in Anticipation of Future Request for Preliminary Injunction (the "Motion") (ECF No. 7) against Defendant Richard Wright Merryman ("Defendant"), as well as the supporting memorandum of points and authorities, supporting declarations and evidence, and for other good cause shown,

THE COURT HEREBY FINDS THAT:

1.     Defendant is the registered owner of the Internet domain name <wormhole.com> (the "Wormhole Domain"), which is registered with the registrar

THE JIMMERSON LAW FIRM, P.C.
415 South Sixth Street, Suite 100, Las Vegas, Nevada 89101
(702) 388-7171 - fax (702) 387-1167

Network Solutions, LLC. (*See* Declaration of Jeffrey Wakolbinger, Esq. ("Wakolbinger Decl") ¶ 3 & Ex. 5.[1])

2.     Plaintiff brought this action to enforce specific performance of an alleged agreement reached with Defendant for Plaintiff's purchase of the Wormhole Domain at a set price. (*See gen.*, Compl. (ECF No. 1).)

3.     The same legal standard applies to both temporary restraining orders and preliminary injunctions sought pursuant to Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis applied to temporary restraining orders and preliminary injunctions is "substantially identical"). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A court may grant such relief only upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest. *Id.* at 20. A temporary restraining order is distinguished by its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974); *see also* Fed. R. Civ. P. 65(b) (limiting temporary restraining orders to 14 days unless extended for good cause, and providing for expedited hearings on preliminary injunctions).

4.     "The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."

THE JIMMERSON LAW FIRM, P.C.
415 South Sixth Street, Suite 100, Las Vegas, Nevada 89101
(702) 388-7171 – fax (702) 387-1167

---

[1] All declaration and exhibit citations are to those filed in connection with the Motion (ECF No. 7).

THE JIMMERSON LAW FIRM, P.C.
415 South Sixth Street, Suite 100, Las Vegas, Nevada 89101
(702) 388-7171 – fax (702) 387-1167

1   *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright

2   and A. Miller, Federal Practice and Procedure, Civil, § 2949 at 471 (1973)).

3         5.     A court may issue an *ex parte* temporary restraining order only if "the

4   movant's attorney certifies in writing any efforts to give notice and the reasons why it

5   should not be required." Fed. R. Civ. P. 65(b)(1)(B). Furthermore, the movant must

6   supply "specific facts in an affidavit or verified complaint clearly show[ing] that

7   immediate and irreparable injury, loss, or damage will result to the movant before the

8   adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

9         6.     The Court, having considered the Complaint, Plaintiff's Motion,

10   supporting declarations, and accompanying exhibits, finds that Plaintiff has met each

11   of the *Winter* factors as to its breach of contract claim. Thus, the issuance of a temporary

12   restraining order (1) to enjoin Defendant Merryman from selling, transferring, or

13   otherwise encumbering the Wormhole Domain and (2) to lock the Wormhole Domain

14   with the registrar, Network Solutions, LLC.

15         7.     Plaintiff is likely to succeed on the merits of its claim for breach of contract

16   and specific performance against Defendant, which requires (1) the existence of a valid

17   contract; (2) that plaintiff performed or was excused from performance; (3) that the

18   defendant breached the terms of the contract; and (4) that the plaintiff was damaged as

19   a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v.*

20   *City of Reno*, 116 Nev. 250, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may

21   be said to be a material failure of performance of a duty arising under or imposed by

22   agreement."). An enforceable contract requires: (1) an offer and acceptance; (2) meeting

23   of the minds; and (3) consideration. *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257

24   (Nev. 2005).

25         8.     Plaintiff has provided sufficient evidence of the following:

26             a. On June 29, 2021, Plaintiff presented an initial offer through a

27                 third-party domain-sale platform called DomainAgents to purchase

28

THE JIMMERSON LAW FIRM, P.C.
415 South Sixth Street, Suite 100, Las Vegas, Nevada 89101
(702) 388-7171 – fax (702) 387-1167

the Wormhole Domain for $2,500.  (Declaration of Jonathan Marcus ("Marcus Decl.") ¶¶ 4–5, 7 & Ex. 13.)

b. On July 1, 2021, Defendant responded to Plaintiff's offer with a counteroffer for a "firm US$50,000." (Marcus Decl. ¶¶ 5, 7 & Ex. 13).

c. On July 1, 2021, Plaintiff accepted Defendant's counteroffer to sell the Wormhole Domain for $50,000, and the DomainAgents platform indicated "Agreement Reached." (Marcus Decl. ¶¶ 5, 7, 9 & Exs. 13, 15.)

d. After DomainAgents provided Escrow instructions to the parties, Defendant, on July 12, 2021, reneged on the transaction agreed to at his "firm" counteroffer price, stating, "Nope, sorry, I changed my mind. This was too easy, I'm either leaving a lot of money on the table or it is a scam. Either way, no sale. If you want to make a reasonable offer, then you are encouraged to do so.-Dick-" (Ex. 13.)

e. Plaintiff was unable to complete performance because Defendant refused to comply with escrow instructions. (Marcus Decl. ¶ 7 & Ex. 13.)

9.    Thus, Plaintiff has shown it is likely to prevail in proving that a contract for the sale of the Wormhole Domain was formed between Plaintiff and Defendant, that Plaintiff performed all steps necessary to conclude the transaction, and that Defendant breached the contract by failing to conclude the transaction. The likelihood-of-success factor weighs in Plaintiff's favor.

10.   Plaintiff has testified that its Wormhole Network project has been publicly disclosed and widely publicized and that it is committed to maintaining the "Wormhole" name and the goodwill associated with that name, Plaintiff also testified that it strongly desires the Wormhole Domain because it is an exact match for the name of the Wormhole

Network project, and that it places significant value in the Wormhole Domain. (Marcus Decl. ¶ 10.)

11.     Based on Defendant's actions to date (entering into a sales transaction and then backing out in an apparent effort to get more money), Plaintiff has expressed justifiable concern that Defendant will cause further harm to Plaintiff by transferring the domain name to a third party with whom Plaintiff does not have an agreement. (Marcus Decl. ¶ 10.)

12.     Plaintiff has thus established that it will suffer irreparable harm if Defendant is not enjoined from selling, transferring, or encumbering the Wormhole Domain, which is a unique and irreplaceable asset for which Plaintiff cannot be compensated with money damages alone. The irreparable-harm factor weighs in Plaintiff's favor.

13.     The balance-of-hardships factor also tips in favor of Plaintiff because issuance of the temporary restraining order would merely prevent disposition of the Wormhole Domain pending a preliminary-injunction hearing in this matter, and Defendant would not be prohibited from otherwise using this asset. On the other hand, if this temporary restraining order were not issued, Defendant would have the practical ability to dispose of the unique and irreplaceable asset that is the subject of this dispute.

14.     Public policy favors enforcement of contracts, and the Court finds no critical public interest that would be impaired by the grant of this injunction. Thus, the final *Winter* factor weighs in favor of granting Plaintiff's requested injunction, as well.

15.     Plaintiff and its counsel have sufficiently demonstrated the need for issuance of this temporary restraining order without advance notice to Defendant pursuant to Fed. R. Civ. P. 65(b)(1).

**IT IS THEREFORE HEREBY ORDERED**, pursuant to Fed. R. Civ. P. 65(b), that Plaintiff's Motion for a Temporary Restraining Order Without Notice in Anticipation of Future Request for Preliminary Injunction (ECF No. 7) is **GRANTED**. Defendant and all persons acting in concert with Defendant and having notice of this

THE JIMMERSON LAW FIRM, P.C.
415 South Sixth Street, Suite 100, Las Vegas, Nevada 89101
(702) 388-7171 · fax (702) 387-1167

Order are TEMPORARILY RESTRAINED from selling, transferring, or otherwise encumbering the Wormhole Domain for a period of **14 days** following entry of this Order, unless this Order is superseded or dissolved by further order of the Court.

**IT IS FURTHER ORDERED** that Defendant shall immediately cause his registrar Network Solutions, LLC, to immediately place the Wormhole Domain (wormhole.com) on lock for the term of this Order.

**IT IS FURTHER ORDERED** that no bond is required to be posted by Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Defendant with a copy of this Order by _____, 2022.

**IT IS FURTHER ORDERED** that Defendant shall have until _____, 2022, to file his response brief to Plaintiff's Motion for Preliminary Injunction (ECF No. 8).   Thereafter, Plaintiff shall have until _____, 2022, to file its reply brief.

**IT IS FURTHER ORDERED** that this matter is set for hearing on Plaintiff's Motion for Preliminary Injunction on _____ at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Blvd., Las Vegas, Nevada, Courtroom 7D.

Dated this ___ day of April, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

THE JIMMERSON LAW FIRM, P.C.
415 South Sixth Street, Suite 100, Las Vegas, Nevada 89101
(702) 388-7171 – fax (702) 387-1167

- 6 -